UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRUSTEES OF THE IBEW-NECA SOUTHWESTERN HEALTH AND BENEFIT FUND, TRUSTEES OF THE NECA-IBEW LOCAL UNION NO. 584 PENSION PLAN, TRUSTEES OF THE NECA-IBEW LOCAL UNION NO. 584 PROFIT SHARING PLAN, AND TRUSTEES OF THE TULSA ELECTRICAL JOINT APPRENTICESHIP AND TRAINING COMMITTEE, §§§§§§§§§§§§§ | |
| Plaintiffs, §§ | |
| v. § | CIVIL ACTION NO. 3:23-CV-0224-B |
| ROCKEY ELECTRIC, INC., §§§ | |
| Defendant. § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Trustees of the IBEW-NECA Southwestern Health and Benefit Fund, Trustees of the NECA-IBEW Local Union No. 584 Pension Plan, Trustees of the NECA-IBEW Local Union No. 584 Profit Sharing Plan, and Trustees of the Tulsa Electrical Joint Apprenticeship and Training Committee (collectively "Plaintiffs")'s Motion for Default Judgment (Doc. 10). For the following reasons, Plaintiffs' Motion is **DENIED**.

I.

BACKGROUND

This is an employee benefits case. Plaintiffs are administrators and fiduciaries of employee pension and welfare benefit plans under the Employee Retirement Income Security Act

("ERISA"). Doc. 1, Compl., ¶¶ 4–7, 10; *see also* 29 U.S.C. §§ 1002(1)–(3), 1132(d)(1). The plans are also subject to § 302 of the Labor Management Relations Act ("LMRA"). Doc. 1, Compl., ¶ 10; *see also* 29 U.S.C. § 186. Defendant Rockey Electric, Inc. ("Rockey") is an employer subject to ERISA. *Id.* ¶¶ 8–9; *see* 29 U.S.C. §§ 1002(5), 1145.

On July 6, 2020, Rockey executed a "Letter of Assent," which bound Rockey to the terms of the "Inside Agreement" between the International Brotherhood of Electrical Workers Union 584 and the Eastern Oklahoma Chapter of the National Electrical Contractors Association. Doc. 1, Compl., ¶ 9. By assenting to the terms of the Inside Agreement, Rockey agreed to pay Plaintiffs "certain monetary contributions." *Id.* ¶ 9. And in the event of late or unpaid employer contributions, Rockey was also obligated to pay "contractual and statutory interest and . . . liquidated damages." Doc. 1, Compl., ¶ 11. In addition, Plaintiffs allege that Rockey was bound by certain "Trust Fund Agreements," which apparently contemplated that Rockey would submit to payroll audits at Plaintiffs' discretion to ensure that contributions were paid as required. *Id.* ¶ 11.

Plaintiffs filed this action on January 30, 2023, alleging Rockey "breached its agreements with Plaintiffs by failing and refusing to submit to an exit audit" and—depending on the outcome of the audit—by failing to make employer contributions per the terms of the parties' agreements. *Id.* ¶¶ 13–14. According to Plaintiffs, Rockey's actions constituted a violation of § 515 of ERSIA. *Id.* ¶ 18. After filing their Complaint, Plaintiffs conducted an audit of Rockey's payroll records and found "a deficiency in . . . contributions for the months of August 2020, September 2020, February 2021, April 2021, and May 2021." Doc. 10-1, Shanklin Aff., ¶ 5; Doc. 10-2, Sarmiento Aff., ¶ 5.

Rockey failed to respond to Plaintiffs' pleading, and Plaintiffs requested an entry of default against Rockey. Doc. 8, Request for Entry of Default; *see also* Doc. 10., Mot. Default J., 2. The Clerk of the Court filed an entry of default on May 10, 2023. Doc. 9, Entry of Default. On July 17,

2023, Plaintiffs filed a Motion for Default Judgment against Rockey. Doc. 10, Mot. The Motion asks for default judgment on the unpaid contributions revealed by the audit. *See generally id.* The Court considers it below.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth the requirements for obtaining a default judgment. A plaintiff may only seek a default judgment after he obtains an entry of default by the clerk of court. FED. R. CIV. P. 55. The entry of default occurs when the plaintiff demonstrates by affidavit or otherwise that the defendant is in default, which means the defendant "has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); FED. R. CIV. P. 55. However, an entry of default does not automatically entitle a plaintiff to judgment. Instead, a plaintiff must apply for judgment based on the defendant's default—this is the motion for default judgment. *New York Life Ins. Co.*, 84 F.3d at 141.

District courts are afforded discretion in determining whether to enter a default judgment. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). That said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (internal footnote omitted). Accordingly, courts must carefully review the pleadings to ensure that a plaintiff is entitled to a default judgment. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). To that end, courts employ a three-part analysis to determine whether to grant a motion for default judgment, which assesses: "(1) whether the entry of default is procedurally warranted, (2) the substantive merits of the plaintiff's claims and whether there is a

sufficient basis in the pleadings for the judgment, and (3) what form of relief, if any, a plaintiff should receive." *Griffin v. O'Brien, Wexler, & Assocs., LLC*, No. 4:22-CV-0970, 2023 WL 4303649, at *2 (E.D. Tex. June 30, 2023).

## III.

## ANALYSIS

Applying the three-part analysis set forth above, the Court concludes that Plaintiffs are not entitled to default judgment. While Plaintiffs have established that a default judgment is procedurally warranted, they have failed to demonstrate a sufficient basis in the pleadings exists to support a judgment, and they do not provide adequate evidence to support the relief they request.

A.   *Default Judgment is Procedurally Warranted*

As explained, the Court must first determine whether the entry of default judgment is procedurally warranted. The Court is guided by the following factors in making this determination: (1) whether material issues of fact exist, (2) whether there has been substantial prejudice, (3) whether the grounds for default are clearly established, (4) whether the default was caused by a good faith mistake or excusable neglect, (5) the harshness of a default judgment, and (6) whether the court would think itself obliged to set aside the default on the defendant's motion. *Lindsey*, 161 F.3d at 893. In this case, each of these factors indicates that an entry of default judgment is procedurally warranted.

First, there is no dispute of material fact. By defaulting, Rockey "admits the plaintiff's well pleaded allegations of fact." *Nishimatsu*, 515 F.2d at 1206. As such, there is no dispute with respect to the factual allegations in Plaintiffs' Complaint.

Second, there has been prejudice to Plaintiffs. Rockey's "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing [Plaintiffs'] interests." *Ins. Co. of the*

*W. v. H & G Contractors, Inc.*, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011) (citing *Lindsey*, 161 F.3d at 893). Moreover, an entry of a default judgment would not result in substantial prejudice to Rockey. Rockey received notice of Plaintiffs' claims over eight months ago yet has taken no action in this case. Doc. 6, Aff. Service. Over five months ago, the Court ordered Rockey to show cause explaining why it failed to file an answer. Doc. 7, Order. Rockey did not respond to this Order either. Plaintiffs' Motion for Default Judgment has been on the docket for nearly three months without any response from Rockey. *See* Doc. 10, Mot. Under these circumstances, the second factor indicates that a default judgment is procedurally warranted.

Third, the grounds for default judgment are clearly established. Rockey was served on February 7, 2023. Doc. 6, Aff. Service. As of October 2023, Rockey has not taken any action in this case. Therefore, "[t]he grounds for default judgment are . . . clearly established because [Rockey has] not participated in any part of the adversarial process—[it has] failed to respond to the summons, the complaint, the entry of default, or [Plaintiffs'] Motion for Default Judgment." *Griffin*, 2023 WL 4303649, at *3.

Fourth, there is no evidence before the Court indicating that Rockey's silence is the result of a "good faith mistake or excusable neglect." *See Lindsey*, 161 F.3d at 893. As stated above, Plaintiffs properly served Rockey.  The summons executed on Rockey unequivocally provided that "[w]ithin 21 days after service of this summons . . . you [Rockey] must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure." Doc. 6, Aff. Service, 1. Rockey failed to comply with the directive that was served upon it and has offered no explanation for this failure—even after the Court explicitly ordered Rockey to provide such an explanation. Thus, the Court concludes that this factor likewise indicates that a default judgment is procedurally warranted.

Fifth, a default judgment against Rockey is not harsh. *See Joe Hand Promotions, Inc. v. 2 Tacos Bar & Grill, LLC*, 2017 WL 373478, at *2 (N.D. Tex. Jan. 26, 2017) (Lynn, C.J.) (reasoning that default judgment was not harsh when defendants "had over six months to respond to Plaintiff's Complaint, and over three months to respond to Plaintiff's Motion for Partial Default Judgment."). Rockey has been aware of the allegations levied against it for over six months, but it has presumably elected not to respond to these allegations or otherwise defend itself. As such, entry of a default judgment would not be harsh.

Sixth, and finally, the Court is not aware of any facts that would give rise to good cause to set aside the default if challenged by Rockey. *See Lindsey*, 161 F.3d at 893. Therefore, this factor also demonstrates that a default judgment is procedurally warranted.

In sum, after reviewing the *Lindsey* factors, the Court concludes that a default judgment would be procedurally warranted.

B.   *There is Not a Sufficient Basis in the Pleadings for Judgment*

While procedurally warranted, the allegations in the Complaint are insufficient to support a default judgment. *See Ventura v. Pro. Frame & Home*, No. 3:18-CV-2659-B, 2019 WL 2436263, at *3 (N.D. Tex. June 11, 2019) (Boyle, J.) (denying default judgment where complaint pleaded insufficient facts to establish claim even though default judgment was procedurally warranted).

Due to its default, Rockey is deemed to have admitted the well-pleaded allegations in Plaintiffs' Complaint. *See Nishimatsu*, 515 F.2d at 1206. However, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* To determine whether there is a sufficient factual basis for default judgment, the Court applies the pleading standards set forth in Rule 8. *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (citing FED. R. CIV. P. 8(a)(2)). There is a sufficient basis for the judgment if a complaint's factual

allegations "'raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Here, Plaintiffs' Motion asks for a judgment on their ERISA claim against Rockey for unpaid employer contributions, plus other contractual and statutory liquidated damages and interest. Doc. 10, Mot., 1–2. Section 515 of ERISA requires employers "who [are] obligated to make contributions to a multiemployer plan . . . [to] make such contributions in accordance with the terms and conditions of such plan or [collectively bargained] agreement." 29 U.S.C. § 1145. In the event an employer fails to make contributions in violation of § 515, ERISA's civil enforcement provision, § 502, provides that a court "shall award" unpaid contributions, interest, liquidated damages, reasonable attorney's fees, and any other appropriate legal or equitable relief. 29 U.S.C. § 1132(g)(2).

Therefore, to be entitled to default judgment on their ERISA claim, Plaintiffs must have at least pleaded that Rockey did not make employer contributions when it was under an obligation to do so. *See* 29 U.S.C. § 1145. However, the Complaint is devoid of any facts indicating that Rockey failed to make contributions as required under § 515 of ERISA. To begin, the Complaint does not attach or quote the relevant contractual language establishing Rockey's obligation to pay contributions to each of the Plaintiffs. And even if there was such an obligation, the Complaint alleges no facts that suggest Rockey breached any collectively bargained agreement by failing to make timely contributions. Instead, the Complaint only alleges that Rockey failed to submit to a required audit, and therefore *might* have been delinquent in paying its employer contributions:

> Defendant breached its agreements with Plaintiffs by failing and refusing to submit to an exit audit for the purpose of ensuring accurate employer contributions were made . . . . [A]nd *if such exit audit reveals a deficiency* in the payment and reporting

>of employer contributions, Defendant *will be liable* for the deficient and delinquent employer contributions plus liquidated damages, interest, audit and attorney's fees and costs of court.

Doc. 1, Compl., ¶¶ 13–14 (emphasis added).

Ultimately, the failure to plead facts demonstrating that Rockey was delinquent is fatal to Plaintiffs' Motion because actual delinquency is a precondition to judgment under ERISA. *See* 29 U.S.C. §§ 1132(g), 1145. Section 502(g) of ERISA authorizes relief only when an employer has in fact failed to pay the requisite contributions under § 515; there is no similar provision under ERISA for employers who *may have* failed to make the requisite contributions. 29 U.S.C. §§ 1132(g)(2), 1145. As such, allegations that Rockey may have been delinquent in making employer contributions, even when taken as true, do not amount to a violation of § 515. *See* 29 U.S.C. § 1145; *Nishimatsu*, 515 F.2d at 1206. And because the Complaint's factual allegations do not plausibly demonstrate that Rockey violated § 515 of ERISA, Plaintiffs' pleadings are insufficient to support a default judgment on that claim. *See Nishimatsu*, 515 F.2d at 1206; *IBEW-NECA Sw. Health & Ben. Fund v. Morley-Moss, Inc.*, No. 3:12-CV-1335-M, 2012 WL 6021305, at *2 (N.D. Tex. Dec. 4, 2012) (Lynn, J.) ("Plaintiffs merely request delinquent funds in the event the audit reflects that such funds are owed. . . . [so] [t]here is no allegation that, if taken as true, would show that [Defendant] actually owed back contributions." (alterations and quotations omitted)).

While Plaintiffs' Motion for Default Judgment indicates that Plaintiffs have since conducted an audit, which revealed that Rockey is delinquent, Doc. 10, Mot., 2, Rockey is not held to admit to this fact by default. A defaulting defendant only admits to the well pleaded facts contained in the pleadings—but a Motion for Default Judgment is not a pleading. *See Nishimatsu*, 515 F.2d at 1206; FED. R. CIV. P. 7 (defining pleadings); *Cf. Lohr v. Gilman*, 248 F. Supp. 3d 796, 810 (N.D. Tex. 2017) (Lindsay, J.) (explaining in the context of motion to dismiss for failure to

state a claim that a "court is limited to consideration of the pleadings, and matters or theories raised in a response are not part of the pleadings."). The allegations in Plaintiffs' Motion, therefore, do not cure the inadequacies of the Complaint.

In sum, to be entitled to default judgment, Plaintiffs' pleadings must have contained facts which "raise a right to relief above the speculative level." *Wooten*, 788 F.3d at 498 (quotations omitted). Here, that required Plaintiffs to plead facts demonstrating that Rockey failed to timely pay its employer contributions. Plaintiffs, however, never pleaded this—instead, Plaintiffs only pleaded that Rockey may have been delinquent on its payments. Accordingly, there is not a sufficient basis in the pleadings for the judgment.

C.    *There is Insufficient Evidence Supporting the Relief Requested*

Even if there were a sufficient basis for judgment in the pleadings, Plaintiffs have failed to attach adequate evidence to support the relief they seek. *See Griffin*, 2023 WL 4303649, at *2 ("After the Clerk enters a default, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." (internal quotations omitted)).

The Motion for Default Judgment asks for an award of $35,158.65. Doc. 10, Mot., 2. Plaintiffs arrived at this figure after they conducted an audit, which apparently revealed the following amounts owed: $12,098.13 (the principal amount of unpaid employer contributions); $6,042.26 (the interest on the unpaid contributions at the rate of 1.5% per month); $1,814.72 (liquidated damages at the rate of 15%); $3,400.00 (audit fees)[1]; $11,336.14 (attorney's fees); and $467.40 (court costs). *Id.*

---

[1] Plaintiffs' pleadings do not request audit fees. Doc. 1, Compl., ¶ 26; *see* FED. R. CIV. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

However, Plaintiffs have not provided the Court with the audit report (or a detailed summary thereof) substantiating the deficiency alleged. The only support for the claimed award are two conclusory affidavits attached to Plaintiffs' Motion, which summarily state that Rockey is liable for the amount owed.[2] Doc. 10-1, Aff. of Thomas Shanklin; Doc. 10-2, Aff. of Benazir Sarmiento. The affidavits do not indicate what amount is owed to each Plaintiff, or how the auditors arrived at this figure; nor do the affidavits indicate when the alleged amounts owed became due such that interest may be calculated. Plaintiffs have not even attached the relevant contractual language demonstrating that Rockey is obligated to pay interest and liquidated damages on the unpaid contributions at the rate requested by Plaintiffs. *See, e.g.*, 29 U.S.C. § 1132(g) ("[I]nterest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26."). Accordingly, while the amount requested by Plaintiffs "may be capable of mathematical calculation, . . . [Plaintiffs'] math has not been presented to the Court." *Travelers Cas. & Sur. Co. of Am. v. Hub Mech. Contractors, Inc.*, No. 2:13CV101-KS-MTP, 2014 WL 1464553, at *4 (S.D. Miss. Apr. 15, 2014). Therefore, even if the Court were to find a sufficient basis in Plaintiffs' Complaint to support default judgment, the Court would be unable to award Plaintiffs damages at this time.

## IV.

## CONCLUSION

For the reasons stated above, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion for Default Judgment (Doc. 10). Should Plaintiffs choose to re-file their motion, they must

---

[2] Plaintiffs have also attached a third affidavit in support of attorney's fees. Doc. 1-3, Att'y Fee Aff. The Court limits the present discussion to evidence supporting (1) unpaid contributions; (2) interest; (3) liquidated damages; and (4) audit fees. Thus, the Court does not consider the sufficiency of evidence supporting the amount of attorney's fees.

first amend their complaint to address the deficiencies detailed in this Order. Plaintiffs should then serve a copy of any amended complaint on Rockey. If Rockey does not answer or otherwise respond to Plaintiffs' amended complaint within the time allowed under the Federal Rules of Civil Procedure, then Plaintiffs may again move for default judgment following the procedures outlined in Rule 55.

    **SO ORDERED.**

    **SIGNED: November 13, 2023.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE
