UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE IBEW-NECA SOUTHWESTERN HEALTH AND BENEFIT FUND, et al., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:23-CV-0224-B |
| ROCKEY ELECTRIC, INC., | § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Second Supplemental Brief in support of Default Judgment (Doc. 26). Upon review of Plaintiffs' Supplemental Brief and pursuant to the Court's prior Memorandum Opinion and Order granting default judgment (Doc. 25), the Court grants Plaintiffs $9,797.22 in interest on unpaid contributions, $9,797.22 in an amount equal to interest on unpaid contributions in lieu of liquidated damages, $9,000 in attorney's fees, and $402 in court costs.

## I.

## BACKGROUND

On March 12, 2026, the Court granted default judgment for Plaintiffs against Defendant Rockey Electric, Inc. ("Rockey"). *See generally* Doc. 25, Mem. Op. & Order. Specifically, the Court found that default judgment was procedurally warranted, *see id.* at 5-6, and that there was a sufficient basis for judgment in the pleadings, *see id.* at 6-7.

As damages, the Court awarded $9,822.50 in overdue, unpaid contributions and $3,400 in audit fees. *See id.* at 15. The Court found that the relevant statutory authority, 29 U.S.C. 1132, also

allowed Plaintiffs, as employee benefits plans, to recover interest, liquidated damages, attorney's fees, and court costs. *See id.* at 12-15. However, the Court declined to award those damages at that time due to Plaintiffs' failure to properly support the amounts claimed for each. *See id.* Nevertheless, the Court permitted Plaintiffs to file a supplemental brief to provide such support. *See id.* at 16. Plaintiffs then timely filed their Supplemental Brief. *See generally* Doc. 26, Suppl. Br.

## II.

## LEGAL STANDARD

Where employee benefits plans seek unpaid employer contributions, § 1132(g)(2) allows them to recover (1) unpaid contributions, (2) interest on those unpaid contributions, (3) the greater of liquidated damages as provided under the plan itself (not to exceed a 20% rate) or an amount equal to the interest on the unpaid contributions, (4) reasonable attorney's fees and costs, and (5) other relief the court deems appropriate. "[I]nterest on unpaid contributions shall be determined by using the rate provided under the plan" if the plan specifies an interest rate. § 1132(g)(2).

## III.

## ANALYSIS

The Court awards $9,797.22 in interest, $9,797.22 in an additional amount equal to interest in lieu of liquidated damages, $9,000 in attorney's fees, and $402 in court costs.

A. *Interest and Liquidated Damages*

ERISA allows plans to recover interest on unpaid contributions, "determined by using the rate provided under the plan" if it provides a rate. § 1132(g)(2). ERISA also allows plans to obtain liquidated damages in an amount provided by the plan itself (but not exceeding 20%) or equal to the interest on the unpaid contributions—the award must be the greater of the two figures. §

1132(g)(2)(C). In their motion for default judgment, Plaintiffs asked the Court to apply an interest rate of 1.5%, compounded monthly (resulting in an effective annual rate of 19.56%). *See* Doc. 22, Mot., 2. Plaintiffs asked for liquidated damages at a flat rate of 15%.

In their supplemental brief, Plaintiffs attach each plan's[1] respective collection policy or trust agreement, which set forth the plans' interest and liquidated damages rates. *See* Doc. 26, Suppl. Br., 2-5.

The Trustees of the NECA-IBEW Local Union No. 584 Pension Plan ("Pension Plan")'s collection policy sets forth a monthly, simple interest rate of 1.5% on unpaid contributions. *See id.* at 2. It sets forth a liquidated damages rate of 20%. *Id.* The Court previously found $3,146.85 in unpaid contributions owed to the Pension Plan. Doc. 25, Mem. Op. & Order, 11. Accordingly, the Court awards the Pension Plan interest at the rate of 1.5% per month for 70 months until March 31, 2026, totaling $3,304.19. The Court awards that same amount in lieu of liquidated damages because liquidated damages at the flat rate of 20% would equal only $629.37. *See* § 1132(g)(2)(C) (Court must award as damages "an amount equal to the greater of" the interest on unpaid contributions or liquidated damages as provided by the plan).

The Trustees of the NECA-IBEW Local Union No. 584 Profit Sharing Plan ("Profit Sharing Plan")'s collection policy contains the same simple interest and liquidated damages rates as the Pension Plan. *See* Doc. 26, Suppl. Br., 3. The Court previously found $808.94 in unpaid contributions owed to the Profit Sharing Plan. Doc. 25, Mem. Op. & Order, 11. Accordingly, the Court awards the Profit Sharing Plan interest at the rate of 1.5% per month for 70 months until

---

[1] Plaintiffs no longer seek interest and liquidated damages for the Training Committee Plan. *See* Doc. 26, Suppl. Br., 6.

March 31, 2026, totaling $849.39. The Court awards that same amount in lieu of liquidated damages because liquidated damages at the flat rate of 20% would equal only $161.79. *See* § 1132(g)(2)(C) (Court must award as damages "an amount equal to the greater of" the interest on unpaid contributions or liquidated damages as provided by the plan).

The Trustees of the IBEW-NECA Southwestern Health and Benefit Fund ("Health Benefits Plan")'s collections policy reflects a monthly, simple interest rate of 1.5% on unpaid contributions and a flat 10% liquidated damages rate. Doc. 26, Suppl. Br., 4. The Court previously found $4,919.80 in unpaid contributions owed to the Health Benefits Plan. Doc. 25, Mem. Op. & Order, 11-12. Accordingly, the Court awards the Health Benefits Plan interest at the rate of 1.5% per month for 70 months until March 31, 2026, totaling $5,165.79. The Court awards that same amount in lieu of liquidated damages because liquidated damages at a flat 10% rate would total only $491.98. *See* § 1132(g)(2)(C) (Court must award, in addition to interest on unpaid contributions, "an amount equal to the greater of" the interest on unpaid contributions or liquidated damages as provided by the plan).

The Trustees of the National Electrical Benefit Fund ("NEBF Plan")'s trust agreement reflects an annual interest rate of 10% (0.833% compounded monthly) on unpaid contributions and liquidated damages at the flat rate of 20%. *See* Doc. 26, Suppl. Br., 4-5. The Court previously found $606.71 in unpaid contributions owed to the NEBF Plan. Doc. 25, Mem. Op. & Order, 11. Accordingly, the Court awards the NEBF Plan interest at the annual rate of 10% (0.833% compounded monthly) for 70 months until March 31, 2026, totaling $477.85. The Court awards that same amount in lieu of liquidated damages because liquidated damages at a flat 20% rate would total only $121.34. *See* § 1132(g)(2)(C) (Court must award, in addition to interest on unpaid

contributions, "an amount equal to the greater of" the interest on unpaid contributions or liquidated damages as provided by the plan).

In sum, the Court awards Plaintiffs $9,797.22 in interest and $9,797.22 in an amount equal to interest.

B.   *Attorney's Fees and Costs*

ERISA also allows successful plaintiffs to recover reasonable attorney's fees and costs. *See* § 1132(g)(2)(D). "In determining the appropriate amount of attorney's fees, a district court first must calculate the 'lodestar' by 'multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers.'" *Rodney v. Elliott Sec. Sols., LLC*, 853 F. App'x 922, 924 (5th Cir. 2021) (quoting *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998)). "The calculation of reasonable hours requires a determination of whether the total number of hours claimed were reasonable and whether specific hours claimed were reasonably expended." *Cardinal Servs., Inc. v. Omega Protein, Inc.*, No. 00-1909, 2007 WL 1343266, at *1 (W.D. La. May 7, 2007) (citation omitted). "Courts may exclude hours that are insufficiently documented and should not award attorney's fees unless the prevailing party presents sufficiently detailed records that the time expended and the need for services are clearly established." *Id.* (citing *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1991)).

Plaintiffs seek $18,091.54 in attorney's fees and $622 in costs. *See* Doc. 26, Suppl. Br., 7. In support of the attorney's fee award, Plaintiffs originally submitted the affidavit of their lead counsel, Douglas M. Selwyn. *See generally* Doc. 22-3, Selwyn Aff. Mr. Selwyn has 40 years of experience in his employee benefits law practice and has a billable rate of $443 per hour. *Id.* ¶ 6. Plaintiffs' other attorney seeking fees, Ashley L. Selwyn, has 12 years of experience in employee benefits law and has

a billable rate of $343 per hour. *Id.* Initially, while the Court found that Plaintiffs' counsel's rates were appropriate, Plaintiffs failed to indicate how many hours each attorney actually worked or what the attorney was doing. Doc. 25, Mem. Op. & Order, 14-15.

Along with their Supplemental Brief, Plaintiffs provide a chart breaking down the hours worked, who worked those hours, and what the hours accomplished. *See generally* Doc. 26-5, Suppl. Br. Ex. 5. Upon review of the hours worked, the Court awards $9,000 in attorney's fees. This reduction from the amount sought is to preclude recovery for hours spent correcting deficiencies in Plaintiffs' first motion for default judgment (Doc. 10) and original complaint (Doc. 1). Due to deficiencies in Plaintiffs' original complaint and first motion for default judgment, the Court denied the first motion for default judgment. *See* Doc. 12, Mem. Op. & Order, 10-11. Plaintiffs then, due to their prior complaint's deficiencies, spent additional hours drafting an amended complaint (Doc. 14) and second motion for default judgment (Doc. 10). Hours spent correcting deficiencies pointed out by the Court are not "reasonable" and cannot be awarded. *See Cardinal Servs.*, 2007 WL 1343266, at *1. The reduction also reflects that some of the fees sought are connected with this Court's show cause orders and Plaintiffs' responses; those hours can thus be attributed only to Plaintiffs' own delays in prosecuting this case. *See, e.g.*, Docs. 13, 15, 21.

Plaintiffs, in their supplemental brief, break down the court costs sought as the original filing fee, totaling $402, and service of process fees $220. While the Court awards Plaintiffs $402 in filing fee costs, the Court declines to award service of process fees because Plaintiffs do not include any

evidence of those costs and it is unclear whether the process server fees sought include costs of serving the amended complaint—costs only incurred due to the original complaint's deficiencies.

## IV.

## CONCLUSION

For the reasons discussed above, and pursuant to its prior order granting default judgment (Doc. 25), the Court **GRANTS** the following additional relief:

- **GRANTS** Plaintiffs' request for interest on unpaid contributions, totaling $9,797.22;

- **GRANTS** Plaintiffs' request for liquidated damages, awarding an amount equal to the interest on unpaid contributions in lieu of liquidated damages, totaling $9,797.22;

- **GRANTS** Plaintiffs' request for attorney's fees, totaling $9,000; and

- **GRANTS** Plaintiffs' request for court costs, totaling $402.

A final judgment will follow.

**SO ORDERED.**

**SIGNED: March 19, 2026.**

_____
JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE